IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PAUL A. DROCKTON JR., <br><br> Plaintiff, <br><br> v. <br><br> FARMERS INSURANCE GROUP, INC.; et al., <br><br> Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 2:07-cv-00011-TC-PMW <br><br><br> Chief District Judge Tena Campbell <br><br> Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court is Joseph Cannon and Deseret News Publishing Company's (collectively, the "Deseret News Defendants") motion to dismiss Paul A. Drockton Jr.'s ("Plaintiff") claims against them for failure to state claims upon which relief can be granted.[1] *See* Fed. R. Civ. P. 12(b)(6). The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court has concluded that oral argument would not be helpful or necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 8.

As an initial matter, the court notes that Plaintiff is proceeding pro se in this case. Accordingly, the court will construe his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

On January 8, 2007, Plaintiff filed a civil rights complaint against multiple defendants, including the Deseret News Defendants, pursuant to 42 U.S.C. §§ 1983 and 1985.[2] Plaintiff's complaint includes five causes of action, four of which name the Deseret News Defendants. Those four causes of action are: (1) "Unlawful Interference with Plaintiff's attempts to obtain proper Attorney Representation," (2) "Abuse of Office in an attempt to deprive Plaintiff of his Civil Rights," (3) "Gross and criminal retaliation against Plaintiff for Plaintiff's efforts to seek justice," and (4) "Unlawful interference with an [Equal Employment Opportunity Commission ("EEOC")] complaint and investigation."

When considering a motion to dismiss for failure to state claims upon which relief can be granted under rule 12(b)(6), "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (alteration in original) (quotations and citation omitted). "A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005) (quotations and citation omitted), *cert. denied*, 126 S. Ct. 1910 (2006).

---

[2] *See* docket no. 1.

As previously noted, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However,

> [t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id*. (citations omitted).

First, the Deseret News Defendants argue that Plaintiff has failed to state claims against them under § 1983.  "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *see also Barnard v. Young*, 720 F.2d 1188, 1188-89 (10th Cir. 1983) ("A prerequisite to any relief under section 1983 is that the defendant has acted under color of state law.").

The Deseret News Defendants contend that Plaintiff did not, and cannot, allege that either of the Deseret News Defendants acted under color of state law.  The court agrees.  In the only portions of Plaintiff's complaint that could be construed as containing allegations that the Deseret News Defendants acted under the color of state law, Plaintiff alleges that Mr. Cannon, "using his influence as Utah County Republican Chairman[,] . . . interfered in the criminal

3

investigation of other defendants listed in th[e] complaint. [Mr. Cannon] also used his influence to discredit/harass/malign [Plaintiff] with state enforcement authorities and others in combination with other defend[a]nts." These allegations do not demonstrate that the Deseret News Defendants acted under color of state law. Instead, they demonstrate only private action taken on behalf of the Deseret News Defendants, which is not actionable under § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (quotations and citations omitted)).

Plaintiff has failed to establish that the Deseret News Defendants acted under color of state law. Therefore, Plaintiff has failed to state claims upon which relief can be granted under § 1983 against the Deseret News Defendants. *See Barnard*, 720 F.2d at 1188-89. Accordingly, those claims should be dismissed.

Second, the Deseret News Defendants argue that Plaintiff has not alleged any facts that would support a claim for relief under § 1985. The elements for a claim under § 1985 are: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

The Deseret News Defendants assert that even under a broad reading of Plaintiff's complaint, Plaintiff has failed to include adequate factual allegations that the Deseret News Defendants were involved in a conspiracy or took any overt acts in furtherance of a conspiracy. *See id*. Again, the court agrees. While Plaintiff makes several conclusory claims about a

conspiracy among the defendants named in his complaint, he has failed to include any well-pleaded factual allegations to show the existence of a conspiracy or any overt acts taken in furtherance of a conspiracy. *See id*. For these reasons, Plaintiff has failed to state claims upon which relief can be granted under § 1985 against the Deseret News Defendants. Accordingly, those claims should be dismissed.

In response to the Deseret News Defendants' motion to dismiss, Plaintiff asks the court to deny their motion, but fails to present any substantive argument in support of that request. Instead, Plaintiff asks that the court "make allotments" under the Americans with Disabilities Act ("ADA") for several "disabilities" he suffers from, including "[s]evere [d]epression," a "chronic [h]ead injury, short[-]term memory loss," "other cognitive impairment[s]," "Diabetes Melitis, frequent headaches," and "other maladies that [have] been severely aggravated by the actions of the defendants." Based on these disabilities and his "lack of any formal legal education," Plaintiff asks that the court deny the Deseret News Defendants' motion to dismiss.

While the court is sympathetic to Plaintiff's circumstances, the court has determined that his arguments are not persuasive. Plaintiff has failed to demonstrate how the ADA applies to him or is applicable in this case. Further, Plaintiff has failed to provide a substantive response to any of the arguments raised by the Deseret News Defendants' in their motion to dismiss.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that the Deseret News Defendants' motion to dismiss be **GRANTED** and that all of Plaintiff's claims against the Deseret News Defendants be **DISMISSED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within ten days after receiving it. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of June, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge